# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re DMCA Section 512(h) Subpoena to Discord, Inc. | Case No. 3:23-MC-00062-S |

**<u>PROTECTIVE ORDER</u>**

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of any matter related to the possession and use of documents and materials produced pursuant to the subpoena at issue.

In support of this order, the court finds that:

1. On or about October 3, 2023, this Court issued a subpoena pursuant to 17 U.S.C. §512(h) (the "Subpoena") requesting that Discord, Inc. ("Discord") provide information sufficient to identify several users who may have violated Nexon Korea Corporation's ("Nexon") intellectual property rights.

2. Responsive documents or information, including confidential, proprietary, personal or private customer and end-user data, and other business information and/or trade secrets ("Confidential Information") are likely to be disclosed or produced during the course of responding to the Subpoena;

3. Nexon and Discord (together, "the Parties") may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and/or their customers and end-users, and could place that party and/or its customers at a competitive disadvantage, or could invade personal privacy rights;

4. Counsel for the party receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

5. To protect the respective interests of the Parties and to facilitate the progress of disclosure and discovery in this case as it relates to the Subpoena, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

6. Documents or responsive materials containing Confidential Information disclosed or produced by either Nexon or Discord are referred to as "Protected Documents." Except as otherwise indicated below, all documents or responsive materials designated by the producing party as "CONFIDENTIAL" and/or "RESTRICTED—ATTORNEYS' EYES ONLY" and which are disclosed or produced to the attorneys for the other Parties are Protected Documents and are entitled to confidential treatment as described below.

7. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes Protected Documents. Protected Documents shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," and/or "RESTRICTED—ATTORNEYS' EYES ONLY." The appropriate designation shall be placed

clearly on each page of the Protected Material for which such protection is sought, and such stamping shall not obscure any writings on the document.

8. Protected Documents shall not include: (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that were submitted to any governmental entity without request for confidential treatment.

9. At any time after the delivery of Protected Documents, counsel for the party receiving the Protected Documents may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the Parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party receiving the Protected Documents shall certify to the Court that the Parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. If such a certification is made, the designating party has the burden of establishing that the designation is proper. If no such certification is made, the material will retain its designation. Protected Documents shall remain as designated until such time as the Court rules that such materials should not be treated as Confidential and/or Restricted—Attorneys' Eyes Only.

10. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below.

11. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

> (a) Counsel of record in this action or any action—whether foreign or domestic—initiated relevant to enforcing the rights in

        copyrighted works alleged in the Subpoena against the persons or entities described in the Subpoena as "Infringers" ;

    (b)    Outside counsel who represent the Parties;

    (c)    Employees of such counsel (including other attorneys and support staff) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    (d)    The Court, its staff, court reporters, deposition videographers, mediators, and court-appointed translators; and

    (e)    Investigators, experts, and consultants retained by the Parties in this action or any action relevant to enforcing the rights in copyrighted works alleged in the Subpoena against the persons or entities described in the Subpoena as "Infringers" who in advance of disclosure have executed the attached acknowledgement (Exhibit A) that they have reviewed the Protective Order and agree to comply with its terms.

    12.    Protected Documents and any information contained therein shall be used solely for purposes stated in the Subpoena including any specific copyright infringement claim alleged in the Subpoena and its attached documents.

    13.    To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and trial testimony referring to the Protected Documents or information therein.

    14.    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain

confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

15. Investigators, experts, and consultants retained by the Parties according to Paragraph 11(e) shall agree by fully executing Exhibit A prior to disclosure that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or reports referencing Confidential Information will be retained by the Qualified Person or delivered to counsel of record.

16. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" or "restricted—attorneys' eyes only" shall not be deemed a waiver in whole or in part of a claim for confidential treatment and a producing party may so designate a document by providing written notice, along with properly designated copies of said document, to all other Parties, with the effect that such document is thereafter subject to this Protective Order.

17. A producing party that inadvertently fails to designate Protected Documents or mis-designates Protected Documents shall be entitled to make a correction to its designation within a reasonable time. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. Those individuals who received the discovery material prior to notice of non- or mis-designation by the producing party shall within five (5) days of receipt of the substitute copies, take reasonable steps to destroy or return to the law firm representing the producing party all copies of such non- or mis-designated documents. The obligation to treat such material pursuant to the corrected designation shall be prospective

only, and those individuals who reviewed the non- or mis-designated discovery material prior to notice of the non- or mis-designation by the producing party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the non- or mis-designated materials.

18. The party receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information therein.

19. After termination of related litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of related litigation.

20. Upon request of both Parties, termination of related actions by dismissal, judgment, or settlement, counsel for the party receiving Protected Documents shall return the Protected Documents to the counsel for the party disclosing or producing the Protected Documents. The party receiving the Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

21. This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

- 7 -

22. The Court anticipates and encourages the Parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Federal Rule of Civil Procedure 26(b) or (c).

Signed: _____

_____
United States District Judge

# EXHIBIT A

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges that he/she has read the Protective Order attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned understands that the terms of the Protective Order obligate him/her to use documents designated as Confidential Information in accordance with the Order, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Date: _____     _____
                                 Signature

                                _____
                                Printed Name